Z. T. KNIGHT, Appellee, v. J. J. ACTON, Appellant, et al., Appellees.

APPEAL AND ERROR: Reservation of Grounds—Pleadings and Method of Trial—Belated Objections. The informality of the pleadings or the method of trial cannot be attacked for the first time on appeal.

BOUNDARIES: Acquiescence—Nonapplicability of Doctrine to County Highways. The continued existence of a fence and the cultivation of the land thereto by an abutting owner do not constitute an estoppel against the county as to its claim that the line of the fence was not the highway line.

BOUNDARIES: Acquiescence—Evidence—Fence Adjoining Highway. Where the boundary line between two property owners would lie in the center of 40 feet of public highway, the continued existence of a fence by one of the owners between his land and the road was not an acquiescence as to such a boundary line by the other owner, who had constructed his fence 28 feet distant from the other fence, as said construction was a continued contention against the first owner's claim as to the boundary line.

BOUNDARIES: Establishment—Evidence. Where a former decree
4   as to a boundary dispute fixed the line as the center of the
    highway as it then existed, and it was impossible, under the
    evidence, to make locations of the different sections of the old
    fences, so that a line could be ascertained therefrom, and the
    evidence would fairly establish the terminals of said boundary
    lines, *held* that a straight line between them would be pre-
    sumably correct as to such boundary line, in the absence of
    evidence to the contrary.

*Appeal from Wapello District Court.*—FRANCIS M. HUNTER,
Judge.

JULY 2, 1919.

REHEARING DENIED OCTOBER 25, 1919.

SUIT in equity to enjoin the defendant Wapello County
from removing the plaintiff's fences, as being alleged en-
croachments upon the highway. Upon application of the
defendant county, Acton, interested as an abutting owner,
was made a party defendant. The district court found
that both abutting owners were encroaching upon the high-
way and fixed the partition line between them and decreed
the same to be the center line of the highway. The costs
were apportioned between the plaintiff Knight and the de-
fendant Acton. Acton has appealed.—*Affirmed.*

*Roberts & Webber,* for appellant.

*Steck & Steck, W. D. Tisdale, Gillies & Dougherty,* and
*E. R. Mitchell,* for appellees.

EVANS, J.—The plaintiff has been for many years the
owner of the north half of a certain Section 13. The defend-
ant Acton is, and has been for a long time, the owner of the
major part of the south half of said Section 13. It is un-
disputed that a legal highway was established and opened
many years ago, running east and west along the center
line of said Section 13, the same being the dividing line be-
tween these contending parties. This highway was orig-
inally a 66-foot highway. In 1898, the board of supervisors

reduced the width of the same to 40 feet. For many years prior to the date of such reduction of width, the abutting owners had maintained their parallel fences 66 feet apart. Thereafter, however, they moved their fences in supposed conformity to the reduction of width of the highway. The practical result, however, was that the highway was encroached on by one or both. Thereupon, in 1905, Knight brought an action to locate the boundary line between the respective owners. This suit was prosecuted to final decree, and such decree is conceded to be an adjudication binding upon the parties herein. It would seem that such fact ought to simplify the situation herein. On the contrary, it has added greatly to its difficulties. The true center line east and west of Section 13 had been ascertained, prior to such former suit, by a survey known in the record as the Burton survey, the government monuments at the west quarter corner and the east quarter corner being found and identified. The trial court in such former suit recognized the Burton survey as correctly representing the original government survey. But it found, also, that there had been acquiescence on the part of the abutting owners to a center line midway between the fences which had been maintained by them for more than 10 years prior to 1898, when the width of the highway was reduced. On the ground of such acquiescence, the trial court in such former suit fixed the center line of the highway as the line midway between the old fences existing prior to 1898. The practical difficulty with such a finding was that it left a controversy as to where the respective lines of the old fences were. These fences had been completely obliterated on one side, and largely obliterated on the other, before such prior litigation began. Whatever was left of them then had been completely obliterated before the present litigation began. Pursuant to the decree in the prior litigation, these abutting owners moved their fences to conform there-

to, each acting according to his own conception of the location of the old fences. The practical result was that the intervening space left between them was less than 40 feet, and as low as 28 feet for a considerable distance. Hence the present litigation. The defendant county proceeded first upon the theory that the plaintiff Knight was guilty of the entire encroachment on the highway, and was about to remove his fences. He thereupon brought the injunction suit, to restrain interference. Upon call of the defendant county, Acton was brought in as a party defendant. The pleading of the defendant county became, in effect, a bill of interpleader. It pleaded, in effect, that the county was willing to take the boundary line between the abutting owners as the center line of its highway, and asked that the abutting owners be required to litigate between themselves the question of location of such boundary line. The problem presented to the trial court was, not to ascertain the location of the true boundary line according to government survey,—the Burton survey would have answered that question,—but it was required to find the location of the lines which had been adjudicated in the prior action between the parties. The evidence in the record on that question is conflicting and confusing. It consists of an attempt to show the location of various sections of the old fences prior to 1898 and since, covering the distance of one mile across the section. Though the preponderance of evidence might be deemed to show the location on one section on a certain line, yet the same preponderance of evidence would show the location upon another section clearly out of line with the first, and far removed therefrom. The evidence, however, did fix with reasonable certainty the initial point at the west end as being 2 feet south of the true government corner, and the terminal at the east end as being 4 feet south of the true government corner. Having fixed these terminals, the court drew a straight line between them as

the boundary line between the abutting owners, and therefore the center line of the highway. This finding is acquiesced in by Wapello County and by the plaintiff Knight.

I. Much of the appellant's argument is devoted to the proposition that the statutory method of ascertaining boundaries is exclusive, and that the court could not determine the same in an equity suit. It is also urged that the pleadings did not justify the relief granted, in that Wapello County and the appellant Acton were joined as defendants, and that they originally joined in the same answer, and that the sole issue made, as between plaintiff and defendants, was whether the plaintiff was entitled to an injunction to restrain the county from removing his fence. The points thus made are raised in this court for the first time. No question was raised below as to the right of the court to try the issues on the equity side. While it is true that, in their original pleadings, Wapello County and appellant Acton made no issue as between themselves, yet they later amended their pleadings and did make such issue. Acton amended his answer, and pleaded affirmatively an estoppel on the part of the county. The county also amended its answer, and included a prayer, which, in the absence of attack, was sufficient as a cross-bill, asking that Knight and Acton be required to litigate the question of location of their boundary line. It is now too late for the defendant Acton to attack the informality of the pleadings or the method of trial.

1. APPEAL AND ERROR: reservation of grounds: pleadings and method of trial: belated objections.

II. Evidence was introduced on behalf of the appellant Acton, tending to show that he had placed his fence upon its present line pursuant to the prior decree, and that he had maintained it there ever since, and had cultivated the land up to the line thereof ever since such date, and that such fact. constituted an estoppel against the county and an acquiescence on the part of Knight.

2. BOUNDARIES: acquiescence: nonapplicability of doctrine to county highways.

It was not an estoppel against the county. *Quinn v. Baage,* 138 Iowa 426. The county had a right to adopt as the center line of its highway the boundary line between the abutting owners as they should find such line, either by consent or by litigation. It had a right, therefore, to interplead the abutting owners and require them to litigate the question. The maintenance of the fence by Acton might be deemed an acquiescence on his part, but it was not an acquiescence on the part of Knight. On the contrary, the maintenance by Knight of his fence 28 feet distant was a refusal of acquiescence. Acton, by his maintenance, was in the position of saying that the boundary line, being the center line of the highway, was 20 feet north of his fence; whereas Knight was in the position of saying that such line was 20 feet south of his fence. The maintenance of these fences, therefore, 28 feet apart, in lieu of 40 feet, was a continuing contention, and not an acquiescence.

*3. Boundaries: acquiescence: evidence: fence adjoining highway.*

III. The other point made by the appellant is that the decree of the trial court is contrary to the preponderance of the evidence. As we have already indicated, the state of the evidence is such as to the location of different sections of the old fences that no line could be ascertained therefrom.

*4. Boundaries: establishment: evidence.*

The fact remains that the evidence did fairly establish the terminals. A straight line between them would, therefore, be *prima facie* or presumptively correct, in the absence of evidence to the contrary. These terminals being proved, if the appellant contends for an irregular line between them, the burden would properly fall upon him to show the irregularity. Unless the evidence in this record is sufficient to sustain the finding of a straight line between these terminals, then it must be said that the evidence is insufficient to locate any line.

Some stress is laid, in the argument of the appellant, upon the allegations of the original answer filed by Wapello County. The county did take the position, in such answer, that the location of the fence of Acton was substantially correct, and that the encroachment upon the highway was caused by the wrongful location of the fence of Knight. Granted that Acton was entitled to the benefit of these concessions, as between him and the county, in the litigation, yet the county was in no manner responsible for the contrary evidence produced upon the trial in behalf of Knight, nor was it responsible in any manner for the decree. It introduced no evidence contradictory to its first contention. It stood in court ready to confirm and adopt as the center line of the highway the boundary line which should be fixed by the litigation between the abutting owners. We reach the conclusion that none of the points raised by the appellant are well taken. The decree entered below is, therefore,—*Affirmed.*

Ladd, C. J., Preston and Salinger, JJ., concur.